IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EMILY JANE MURPHY                                           PLAINTIFF

v.                        CASE NO.        12-2254

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I. Procedural Background:**

The plaintiff filed an applications for DIB and SSI on September 8, 2010, alleging an onset date of September 5, 2009, due to plaintiff's back surgery for ruptured disc (T. 111). Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on June 28, 2011. Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 44 years of age and possessed a High School Education.  The Plaintiff had past relevant work ("PRW") experience as a line worker and house keeper  (T. 113).

On August 17, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's back injury did not meet or equal any Appendix 1 listing.  T. 15.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform sedentary work.  T. 15.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the requirements of representative occupation such as  assembly worker, call out operator, and cashier.  T. 19.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

A.  RFC:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v.*

*Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace."  *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing  Lauer v. Apfel, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

**1.  Development of the Record**

The Plaintiff contends the ALJ committed error by failing to obtain an RFC assessment from the Plaintiff's treating physician.  (ECF No. 12, p. 6).

The ALJ has a duty to fully and fairly develop the record.  *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)).  The ALJ is not required to act as Plaintiff's counsel. *See Clark v.*

*Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

On November 4, 2008, Plaintiff reported continued back pain and that her radicular symptoms were getting worse. Her doctor diagnosed sciatica, ordered her off work for a few days, and prescribed 800 mg. Ibuprofen and Lorcet. ('T'. 197-198). Plaintiff visited Dr. Carrick on November 11,2008, and reported having back pain and radicular symptoms into her lower extremities and feel. She had limited range of motion and diminished reflexes on the left. He ordered an MRI. ('T'. 195-196). It showed facet hypertrophy at L4-5 and L5-S I but no disc herniation. ('T'. 209). Plaintiff visited her doctor again on December 16, 2008, and was feeling better because of her hack brace, She had full range of motion and no pain going into her legs. He continued to prescribe Lorcet and 800 mg. Ibuprofen but released her to full duty. (T. 189-190), On December 26, 2008, Plaintiff went to the doctor again, She reported that she was experiencing severe hack pain again after mopping. The doctor reviewed her MRI and prescribed medication for pain as well as a back brace. (T.187-188). Plaintiff saw Dr. Carrick again on January 14,2009, and noted that she continued to have back pain, especially with activities such as lifting or mopping. The doctor prescribed 800 mg. Ibuprofen and Lorcet ('T', 185- 186).

The Plaintiff began to treat with Dr. James Blankenship, M.D., F.A.C.S. in February 2009. In April 2009 another MRI was performed that showed no disc herniations or impingements but increased signal was noted in the zygapophyseal joints at L4-5. (T. 236) and Dr. Blankenship recommended "bilateral Z joint injection". (T. 222). A second Z joint injection

was recommended in July 2009 (T. 220).  In December Dr. Blankenship notes that the rhizotomy procedure[2] was not effective and surgery was discussed  (T.  219).  An MRI in January 2010 showed the Plaintiff had a " grade 4, bordering on grade 5, annular disruption based on the modified Dallas diskogram scale at L4-L5. She also has retrolisthesis[3] at the L4-L5 level. Surgery was performed on February 23, 2010. (T. 225).  All of the Plaintiff's post operative x-ray reports showed that the operative procedure was successful. (T. 232, 231, 230).  Dr. Blankenship found the Plaintiff had reached MMI (Maximum Medical Improvement) on April 22, 2010 and rated her, for workman's compensation purposes, at 9% to the body as a whole.  He felt her weight lifting restrictions should be "25 pounds for another six weeks and then at three months postop unless there has been a change in her clinical condition, she would have a permanent weight-lifting restriction of 50 pounds". (T. 214-215). The Plaintiff saw Dr. Blankenship in August 2010 and his impression was "early solid arthrodesis without complication" although he acknowledge that the Plaintiff reported her pain persisted and that "she certainly has not made the degree of recovery we could have liked, she is capable of functioning".  (T. 213).  Dr. Blankenship did not indicate any deviation from his prior assessment.

     Dr. Blankenship is a specialist in his field. Opinions of specialists on issues within their areas of expertise are "generally" entitled to more weight than the opinions of non-specialists. See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5). *Guilliams v. Barnhart*  393 F.3d 798, 803 (C.A.8 (Mo.),2005), 20 C.F.R. § 404.1527.

---

    [2]Rhizotomy /rhi·zot·o·my/ (ri-zot´ah-me) interruption of a cranial or spinal nerve root, such as by chemicals or radio waves.  http://medical-dictionary.thefreedictionary.com/rhizotomy.

    [3]Backward slippage of one vertebra onto the vertebra immediately below. See http://medical-dictionary.thefreedictionary.com/retrolisthesis.

The Commissioner obtained a Physical RFC assessment on October 19, 2010. Dr. Payne evidently had the medical opinion of Dr. Blankenship (T. 250) and Dr. Payne found that the Plaintiff could lift 50 pounds occasionally, 25 pounds frequently and stand and/or walk and sit for 6 hours in an 8-hour workday. (T. 245). Dr. Payne's opinion was reviewed and affirmed by Dr. Sharon Keith in December 2010. (T. 254).

We have stated many times that the results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base his decision. See, e.g., *Jenkins v. Apfel,* 196 F.3d 922, 925 (8th Cir.1999) (stating that the opinion of a consultative physician does not generally satisfy the substantial evidence requirement). This is especially true when the consultative physician is the only examining doctor to contradict the treating physician. Id.; Cox v. Barnhart 345 F.3d 606, 610 (C.A.8 (Ark.),2003).

In this case, however, the consultive physician does not contradict the opinion of the treating specialist but agrees with it. While Dr. Blankenship did not perform a "functional capacity evaluation" (T. 214) he specifically found that the Plaintiff had reached MMI, had rated her at only 9% impairment to the body as a whole, and found that she could lift up to 50 pounds occasionally after 6 months (T. 214) and that she was capable of functioning. (T. 214).

The Eighth Circuit Court of Appeals has upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue*, 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported RFC

finding); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ's RFC assessment properly relied upon assessments of consultative physicians and a medical expert, which did not conflict with the treating physician's records).

The question is whether the treating physician's opinion adequately address the ability of the Plaintiff to function in the workplace. If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984). "An ALJ should recontact a treating or consulting physician if a critical issue is undeveloped. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir.2005)." *Johnson v. Astrue*, 627 F.3d 316, 319–20 (8th Cir.2010). There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994). In this case the court believes that the Commissioner has fully and fairly developed the record and the opinion of the treating physician, coupled with the PRFC assessment is sufficient.

**2. Credibility**

In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will not substitute its own credibility opinion for that of the ALJ). As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). The court should , " defer to

the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Perks v. Astrue* 687 F.3d 1086, 1091 (C.A.8Ark.), 2012).

The court has reviewed the record and believes that the record supports the ALJ decision to discount the credibility of the Plaintiff and that the ALJ's credibility determination is entitled to deference, *see Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir.2012).

**B.  Vocational Expert Testimony:**

Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence.  *See Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). The ALJ's hypothetical question needs to "include only those impairments that the ALJ finds are substantially supported by the record as a whole." Id. (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993)); see also *Morse v. Shalala*, 32 F.3d 1228, 1230 (8th Cir.1994).

The court finds that the ALJ's  hypothetical to the vocational expert (VE) accounted for all of Plaintiff's proven impairments, *see Buckner v. Astrue*, 646 F.3d 549, 560–61 (8th Cir.2011) (VE's testimony constitutes substantial evidence when it is based on hypothetical that accounts for all of claimant's proven impairments; hypothetical must include impairments that ALJ finds substantially supported by record as a whole).

**IV.  Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial

evidence supporting the ALJ's decision, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated this October 11, 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE